**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-7465**

WILLIAM ERIC FORD, SR.,

Petitioner - Appellant,

v.

STATE OF SOUTH CAROLINA; HENRY MCMASTER, Attorney General;
WARDEN, BROAD RIVER CORRECTIONAL INSTITUTION,

Respondents - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Margaret B. Seymour, District
Judge.  (6:06-cv-02401)

Submitted:  February 28, 2008         Decided:  March 6, 2008

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

William Eric Ford, Sr., Appellant Pro Se.  Donald John Zelenka
SOUTH CAROLINA ATTORNEY GENERAL'S OFFICE, Columbia, South Carolina,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Eric Ford, Sr., seeks to appeal the district court's order dismissing his petition for habeas corpus relief, 28 U.S.C. § 2254 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 23, 2007. The notice of appeal was dated September 25, 2007, and filed on October 1, 2007.[*] Because Ford failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).